UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERROD ORLANDO LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-0846** |
| **STATE OF LOUISIANA** | **SECTION "I"(4)** |

## ORDER AND REASONS

The petitioner, Jerrod Orlando Lewis, has filed a **Motion to Appoint Attorney (Rec. Doc. No. 3)** requesting that counsel be appointed to assist in this federal habeas corpus proceeding under 28 U.S.C. § 2254. Orlando filed the instant federal habeas petition challenging his 2006 conviction for attempted second degree murder and armed robbery from Terrebonne Parish. The motion was filed contemporaneously with the petition and before the respondent has had the opportunity to file a response in opposition to the petition. There also is no indication that the respondent was served with petitioner's motions.

Lewis seeks appointment of counsel because he does not know how to establish his innocence in this habeas corpus proceeding. However, it is well settled that a petitioner has no right to appointment of counsel in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Such a benefit is only required when the Court determines that an evidentiary hearing is to be held on a § 2254 petition. *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Based on the limited record before the Court and the allegations asserted, the record does not demonstrate that an evidentiary hearing will be warranted in this case arising from a 2006 conviction. Lewis's pleadings

also do not indicate that he sought or completed state post-conviction review of his current claims in a timely manner, nor does it appear from the limited record that his federal petition has been timely presented.  Therefore, on the record before the Court at this time, Lewis has failed to establish that the record will be insufficient to resolve the claims raised or that he has met any of the criteria for holding an evidentiary hearing.

The Court also has discretion to appoint counsel for an indigent petitioner pursuant to the Criminal Justice Act under 18 U.S.C. § 3006A, if doing so would advance the proper administration of justice.  *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord*, *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this.").  A review of Lewis's petition does not reveal legal issues so complex to warrant appointment of counsel at this time.  The Court does not find that the interests of justice dictate appointment of counsel at this time.  *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008).  Lewis's motion for appointment of counsel must be denied.  Accordingly,

**IT IS ORDERED** that Lewis's **Motion to Appoint Attorney (Rec. Doc. No. 3)** is **DENIED**.

New Orleans, Louisiana, this  3rd  day of February, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**