## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERROD ORLANDO LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-0846** |
| **STATE OF LOUISIANA** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual Background

The petitioner, Jerrod Orlando Lewis ("Lewis"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On November 8, 2004, Lewis was charged by Bill of Information in Terrebonne Parish with two counts of attempted second degree murder, two counts of armed robbery, and one count of aggravated criminal damage to property.[3] An amended Bill of Information was filed on April 25, 2006, charging Lewis with only one count of attempted

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 11/8/04.

second degree murder and one count of armed robbery.[4]  Lewis entered a plea of not guilty to the

charges in the amended bill on April 27, 2006.[5]

The record reflects that, on the night of July 31, 2004, George Calloway and his girlfriend,

Kelly Jones, left B.J.'s Lounge in Houma and returned to her mother's home.[6]  At about 4:00 a.m.,

Jones walked Calloway to his car parked on the street in front of the home.  While they stood there

talking, two black men rode up in a black car and pulled in behind Calloway's car.  Both men got

out of the car and the passenger, later identified as Lewis, approached Calloway to ask for

directions to a gas station.  As Jones started to answer, Lewis pulled out a gun and pointed it at

Calloway.  Lewis told Calloway several times to give him his wallet and jewelry.  Calloway

removed a chain and at least one ring and threw them on the ground towards Lewis's feet.  Lewis

then shot Calloway in the stomach, picked up the chain and ring, and left with the other man in the

black car.  Calloway went to Terrebonne General Medical Center, where he underwent emergency

surgery.  Jones later identified Lewis in a six photograph array shown to her by police.

Lewis eventually was tried before a jury on May 9, 10 and 11, 2006, and found guilty as

charged of attempted second degree murder and armed robbery.[7]  At a hearing held on June 12,

---

[4]St. Rec. Vol. 1 of 4, Amended Bill of Information, 4/25/06.

[5]St. Rec. Vol. 3 of 4, Minute Entry, 4/27/06.

[6]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Lewis*, 966 So.2d 1249 (La. App. 1st Cir. 2007) (Table); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2007-KA-0949, 11/2/07.

[7]St. Rec. Vol. 3 of 4, Trial Minutes, 5/9/06; Trial Minutes, 5/10/06; Trial Minutes, 5/11/06; Trial Transcript, 5/9/06; St. Rec. Vol. 1 of 4, Jury Verdict (Count 1), 5/11/06; Jury Verdict (Count 2), 5/11/06; St. Rec. Vol. 4 of 4, Trial Transcript, 5/10/06; Trial Transcript, 5/11/06.

2006, the Trial Court denied Lewis's motions for a new trial and for post-verdict judgment of acquittal.[8]

The Trial Court later sentenced Lewis on June 16, 2006, to concurrent prison terms of forty years for attempted second degree murder and sixty-five years for armed robbery, each to be served without benefit of parole, probation or suspension of sentence.[9]  The Court also denied Lewis's motion for reconsideration of the sentence.[10]

On direct appeal, Lewis's appointed counsel asserted two errors:[11] (1) the evidence was insufficient to support the verdicts; and (2) the Trial Court erred in denying the challenge for cause for a prospective juror.  On November 2, 2007, the Louisiana First Circuit affirmed Lewis's convictions and sentences finding no merit in either issue.[12]

The Louisiana Supreme Court denied Lewis's related writ application without stated reasons on October 3, 2008.[13]  Under federal habeas law, Lewis's conviction and sentence became final ninety (90) days later, on Friday, January 2, 2009,[14] because he did not file an application for

---

[8]St. Rec. Vol. 3 of 4, Minute Entry, 6/12/06; St. Rec. Vol. 1 of 4, Motion for Post-Verdict Judgment of Acquittal, 5/15/06; Motion for New Trial, 5/15/06; Hearing Transcript, 6/12/06.

[9]St. Rec. Vol. 3 of 4, Sentencing Minutes, 6/16/06; St. Rec. Vol. 1 of 4, Sentencing Transcript, 6/16/06.

[10]St. Rec. Vol. 1 of 4, Motion for Reconsideration of Sentence, 6/16/06; Trial Court Order, 6/16/06; St. Rec. Vol. 3 of 4, Sentencing Minutes, 6/16/06.

[11]St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2007-LA-0949, 11/2/07.

[12]*Id*.

[13]*State ex rel. Lewis v. State*, 992 So.2d 1003 (La. 2008); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2008-KH-0036, 10/3/08; La. S. Ct. Writ Application, 08-KH-0036, 1/4/08 (dated 11/29/07, postal metered 12/13/07); St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 2008-KH-36, 1/4/08.

[14]The ninetieth day was Thursday, January 1, 2009, which was a legal holiday, causing the last day of the period to fall to the next business day, Friday, January 2, 2009.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

In the meantime, on September 22, 2008, Lewis signed and submitted an application for post-conviction relief to the state trial court asserting the following claims:[15] (1) he was denied effective assistance of counsel when counsel failed to lodge a *Batson* challenge; (2) he was denied effective assistance of counsel when counsel failed to request funding to hire an investigator to locate an alibi witness; and (3) he is actually innocent of the crimes.

After receiving additional briefing and appointing counsel for Lewis, the Trial Court held an evidentiary hearing on February 12, 2009.[16] Following the hearing, on February 18, 2009, the Trial Court issued its judgment dismissing Lewis's application finding no merit in the claims asserted.[17] The Louisiana First Circuit denied Lewis's related writ application without stated reasons on July 9, 2009.[18] The Louisiana Supreme Court also denied Lewis's writ application without stated reasons on June 4, 2010.[19]

Over five years and eight months later, on February 5, 2016, Lewis submitted a motion to the state trial court seeking a new trial based on the same three issues previously addressed and

---

[15]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 9/22/08 (attached memorandum dated 9/22/08).

[16]St. Rec. Vol. 1 of 4, Trial Court Order, 9/30/08; St. Rec. Vol. 2 of 4, State's Response, 10/24/08; Trial Court Order, 10/29/08.

[17]St. Rec. Vol. 2 of 4, Trial Court Judgment, 2/18/09; Hearing Transcript, 2/12/09.

[18]St. Rec. Vol. 2 of 4, 1st Cir. Order, 2009-KW-0557, 7/9/09.

[19]*State ex rel. Lewis v. State*, 38 So.3d 295 (La. 2010); St. Rec. Suppl. Vol. 1 of 2, La. S. Ct. Order, 2009-KH-1808, 6/4/10; La. S. Ct. Writ Application, 09-KH-1808, 8/4/09; St. Rec. Vol. 2 of 4, La. S. Ct Letter, 2009-KH-1808, 8/4/09.

rejected in his 2009 application for post-conviction relief.[20]  The record does not reflect the Trial Court's ruling if any on the motion.

## II.    Federal Habeas Petition

On January 27, 2016, the clerk of this Court filed Lewis's petition for federal habeas corpus relief in which he asserted three grounds for relief:[21] (1) trial counsel was ineffective for failing to raise a *Batson* challenge to the State's exclusion of black men from the jury; (2) trial counsel was ineffective for failing to request funding to hire an investigator to locate an alibi witness; (3) he is actually innocent of the crimes; (4) the evidence was insufficient to support the verdicts; and (5) the state trial court erred in denying the defense's challenge for cause of a potential juror.

The State filed an answer in opposition to the petition arguing that the petition was not timely filed under federal law and alternatively, the claims are in procedural default under La. Code Crim. P. art. 930.4(A) because they were already addressed in the state courts.[22]

In his response to the State's opposition, Lewis argues that his petition should be considered timely based on his claim of actual innocence.[23]  He also asserts that the State's procedural bar defense under La. Code Crim. P. art. 930.4(A) is inapplicable and without merit.

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to this petition, which is deemed filed in this Court under the federal

---

[20]St. Rec. Vol. 2 of 4, Motion for New Trial, 2/17/16 (dated 2/5/16).

[21]Rec. Doc. No. 1.

[22]Rec. Doc. No. 17.

[23]Rec. Doc. No. 18.

[24]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th

mailbox rule on January 21, 2016.[25]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State contends that Lewis's petition was not timely filed, and his claims otherwise are in procedural default under La. Code Crim. P. art. 930.4(A), because they were addressed on appeal in the state courts.  For the reasons that follow, Lewis's petition was not timely filed under federal law and should be dismissed for that reason.  However, before proceeding, the Court is compelled to address the clear legal error in the alternative defense asserted by the State.

In the answer, counsel for the respondent relies on La. Code Crim. P. art. 930.4(A) as a bar to review by this federal habeas court.  This argument demonstrates a lack of knowledge of federal habeas law and a clear misunderstanding of the doctrine of procedural default.  Because this particular counsel has presented this legally baseless defense in other cases before the Court, it is

---

Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Lewis's petition on January 27, 2016, when it was received.  Lewis did not date his signature on the form petition, although he did date his signature on the motion for appointment of counsel on January 21, 2016, which was received in the same envelope.  This is the earliest date appearing in the record on which he could have delivered the package of pleadings to prison officials for mailing to a federal court.

necessary that she again be advised of her error and reminded not to repeat this legally baseless argument in future responses. *See e.g.* Fed. R. Civ. P. 11(b)(2).

The language under La. Code Crim. P. art. 930.4(A) precludes the Louisiana courts from review of a post-conviction claim which was already "fully litigated" on direct appeal. *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994). The presumption in the rule is that the claims were not new or different from something previously litigated and resolved on appeal by the higher state courts. *Id.* at 1583. The record in this case is clear that **no** Louisiana court has applied La. Code Crim. P. art. 930.4(A) to bar further review of Lewis's post-conviction claims. This is likely true because Lewis did **not** seek post-conviction or "further" review of the claims raised in his direct appeal. Thus, the state courts had no cause to apply or even mention the bar under Article 930.4(A) in the post-conviction review of Lewis's claims. In fact, the record shows that Lewis's post-conviction claims were addressed on the merits, and the provisions of Article 930.4(A) are wholly irrelevant and inapplicable to his claims before this Court.

Furthermore, even if La. Code Crim. P. art. 930.4(A) had been applied by a state court, this state procedural rule does not bar federal review of a claim. Instead, "the bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits." *Id.* A federal habeas court simply "look[s]-through" the ruling on collateral review and considers the reasons and findings in the direct appeal proceeding where the claims were first litigated. *Id.* at 1582-83.

For these reasons, the State's reliance on La. Code Crim. P. art. 930.4(A) is misplaced, misapplied, and wholly irrelevant to this litigation. The Court will proceed to address the limitations defense.

**IV.** **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[26] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above, Lewis's conviction was final under federal law on Friday, January 2, 2009.  Pursuant to § 2244, Lewis had one year from that date, or until Monday, January 4, 2010,[27] to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Lewis's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

**A.** **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning

---

[26]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

[27]The one-year ran on Saturday, January 2, 2010, causing the last day of the period to fall to the next business day, Monday, January 4, 2010.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[28] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a

---

[28]Requests for document and transcript copies also are not "other collateral review" for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of a transcript not required to file the application does not warrant equitable tolling).

challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir.

2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a

guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state

filings for which tolling is sought must have challenged the same conviction being challenged in

the federal habeas corpus petition and must have addressed the same substantive claims now being

raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir.

2005).

In the instant case, the AEDPA filing period normally would have started on January 3,

2009, the day after Lewis's conviction and sentence were final.  However, at that time, Lewis

already had pending an application for post-conviction relief in the state trial court.  The post-

conviction proceeding remained pending in the state courts and tolled the AEDPA filing period

until June 4, 2010, when the Louisiana Supreme Court denied the related writ application.

Thus, the one-year AEDPA filing period began to run the next day, June 5, 2010, and did

so without interruption for 365 days, until Monday, June 6, 2011,[29] when it expired.  Lewis had

no properly filed state application for post-conviction or other collateral review pending during

that time.  His next state post-conviction filing was submitted to the state trial court over four and

one-half years later on February 5, 2016.  This filing was made well after the expiration of the

AEDPA one-year filing period and did not renew the filing period or provide him any tolling

benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Higginbotham v. King*, 592 F.

App'x 313, 314 (5th Cir. 2015).  Thus, Lewis's federal petition was not timely filed.

---

[29]The one-year ran on Saturday, June 4, 2011, causing the last day of the period to fall to the next business
day, Monday, June 6, 2011.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

B.    <u>**No Equitable Tolling**</u>

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at

715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Lewis has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation.  The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects simply that the petitioner did not timely pursue federal habeas relief.  There is no basis for equitable tolling in this case.

Thus, Lewis's federal petition deemed filed on January 21, 2016, over four and one-half years after the AEDPA filing period expired on June 6, 2011, was not timely filed in this Court and must be dismissed for that reason.

### C.    No Other Exception to the Limitations Period Exists

Affording Lewis's federal petition and reply response broad construction, the record fails to present any other basis to excuse Lewis's failure to timely file this federal petition.  Lewis presents two grounds of ineffective assistance of trial counsel and asserts that he is actually innocent.  These claims do not provide an excuse for Lewis's failure to meet the AEDPA timeliness requirement for the reasons that follow.

### 1.   *Martinez* is Not Applicable Here

Lewis is not entitled to excuse his untimely filed federal petition based on his assertion of claims of ineffective assistance of trial counsel. The United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide a basis for review of this underlined untimely filed underlined federal petition or his ineffective assistance of trial counsel claim.

In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1915 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review at issue in this case arises from Lewis's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014) (Order adopting Report); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. §

2244.");  *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  For these reasons, neither *Martinez* nor *Trevino* provide Lewis a basis for relief from the failure to meet the AEDPA's limitations period.

### 2.   <u>No Actual Innocence Exception</u>

Lewis has urged that he is actually innocent of the crime, referencing the lack of evidence other than the eyewitness testimony.[30]  Lewis does not reference any new evidence of his actual innocence; he simply references the lack of evidence presented at trial, and the same arguments he raised in his 2009 state application for post-conviction relief.

The United States Supreme Court has **<u>not</u>** recognized a free-standing claim of actual innocence on federal habeas review.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)).  The Court instead has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim.  *McQuiggin*, 133 S. Ct. at 1931.  Although Lewis asks this Court to consider his alleged actual innocence as an exception to forgive his untimely federal filing, he has failed to make the required and credible threshold showing of his actual innocence to excuse his untimely filing under the AEDPA.

In *McQuiggin*, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."  *Id.*, at 1928.  In recognizing the stringent standards of this exception to § 2244(d), the Supreme Court held that " [t]o invoke the miscarriage

---

[30]Rec. Doc. No. 1, p. 9.

of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id*., at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  In addition, the actual innocence gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial."  *Id*., at 1936 (citation omitted).  The Court must consider "the probative force of relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28.  "It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id*., at 329.

A petitioner must show factual innocence through the presentation of "<u>new</u> <u>reliable</u> evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." (emphasis added) *Schlup*, 513 U.S. at 324; *see Stroman v. Thaler*, 405 F. App'x 933, 934-35 (5th Cir. 2010) (citation omitted).  The United States Fifth Circuit Court of Appeals has held that evidence is "not 'new' [when] it was always within the reach of [petitioner's] personal knowledge or reasonable investigation."  *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008).  The *Schlup* decision, however, did not require that the evidence be recently discovered, only that it be reliable and not have been presented at trial.  *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (citing *Schlup*, 513 U.S. at 324).

A petitioner's delay in presenting new but previously known or discoverable evidence is relevant to the credibility of the actual innocence claim and "as part of the assessment whether actual innocence has been convincingly shown."  *McQuiggin*, 133 S. Ct. at 1935-36.  The Supreme

Court has made clear that "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of ... evidence [of actual innocence]." *Schlup*, 513 U.S. at 332; *McQuiggin*, 133 S. Ct. at 1935; *see also*, *House*, 547 U.S. at 537.  The *McQuiggin* opinion was clear that "[t]he timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim." 133 S. Ct. at 1936.

        In this case and under these standards, Lewis has not referenced or presented any new much less <u>reliable</u> new evidence of his factual innocence or any evidence that would convince a court that no juror would have found him guilty.  *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325, 2013 WL 3724838, at *1 (E.D. Tex. Jul. 15, 2013).  His claim of actual innocence is the same defense he had at trial, and that defense is still unsupported by any evidence.  In addition, he has waited over seven years since his conviction was final and over five years since completion of his state post-conviction review to assert the same actual innocence arguments to this federal court.  This lengthy delay and lack of support seriously undermines the credibility of Lewis's claim of actual innocence under the *McQuiggin* standards.  Thus, Lewis's conclusory assertion of actual innocence is insufficient to overcome the statute of limitations and the bar to review of his federal claims.  His untimely filed federal petition must be dismissed.

## V.    <u>Recommendation</u>

        For the foregoing reasons, it is **RECOMMENDED** that Lewis's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

        A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[31]

New Orleans, Louisiana, this <u>14th</u> day of September, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[31]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.